

**IN THE
TENTH COURT OF APPEALS**

**No. 10-16-00309-CV**

**IN THE INTEREST OF E.G.S., A CHILD**

**From the 361st District Court
Brazos County, Texas
Trial Court No. 15-002631-CV-361**

## ABATEMENT ORDER

The relevant background in this private termination suit is as follows:

- On December 13, 2015, C.S. signed an "Affidavit in Support of Court-Appointed Counsel."  It was not sworn to before a notary, but it includes a section entitled "Oath," which states:

I do hereby swear that the information given above is true and correct.  I understand that making a false statement under oath to the Court is perjury, which is a criminal offense for which I can be punished by imprisonment in the Institutional Division of the Dept of Criminal Justice for 2 to 10 years, fined up to $10,000, or both.  I also understand that this application will be filed of record and that it is a crime to intentionally or knowingly file a fraudulent court record or a fraudulent instrument with the clerk.

> I have been advised of my right to an attorney in the prosecution of the charge pending against me. I certify that I am without means to employ an attorney of my own choosing and I hereby request the court to appoint an attorney for me. I have been further advised that my failure to answer all questions above will result in the denial of a court appointed attorney. Accordingly, I certify that I have voluntarily prepared this Affidavit and have carefully checked my answers for accuracy.

It was filed with the trial court clerk on November 15, 2016.

- On December 16, 2015, the trial court signed an order appointing an attorney to represent C.S. in this matter "and to continue to represent the defendant until the case is concluded, including appeal, if any, or until released by written order of this Court."

- A bench trial was held in July 2016, and, on August 11, 2016, the trial court signed an order of termination, terminating C.S.'s parental rights to E.G.S.

- On August 15, 2016, C.S.'s court-appointed attorney filed a notice of appeal on C.S.'s behalf, indicating that C.S. desires to appeal from the trial court's order of termination of her parental rights to E.G.S. C.S.'s notice of appeal states that she "is presumed indigent and may proceed without advance payment of costs."

- On August 15, 2016, in a letter to the trial court, C.S.'s court-appointed attorney requested that the trial court appoint other counsel to handle this appeal.

- On August 19, 2016, Appellees F.D. and E.S. filed in the trial court an objection to C.S.'s request for appointment of counsel for appeal purposes. The objection does not contain sworn evidence. Appellees maintain that C.S. stated in her answer to

interrogatories that she is "happily married and financially stable" and that she indicated the same at trial. They assert that C.S. is therefore "not indigent and has the ability to pay her own attorney's fees and expenses." They request that the trial court hold a hearing to determine C.S.'s indigency before appointing appellate counsel.

- On August 26, 2016, C.S.'s court-appointed attorney filed in the trial court a motion to withdraw as counsel.

- On September 19, 2016, the trial court signed an order granting C.S.'s court-appointed attorney's motion to withdraw as counsel.

- On September 26, 2016, the clerk's record was filed in this Court.

- On October 6, 2016, C.S.'s former court-appointed attorney filed in this Court a docketing statement on C.S.'s behalf; however, it states, "A new appellate lawyer should be appointed on the case."

- On October 10, 2016, the court reporter sent to this Court a request for a 30-day extension of time to file the reporter's record. Although the docketing statement indicates that the reporter's fee has been paid or that satisfactory arrangements have been made, the reporter's request for extension of time states, "I have not received a designation of the record and payment arrangements have not been made."

- An indigency hearing was scheduled for October 12, 2016, but this Court was notified that C.S. did not appear at the hearing.

- On November 15, 2016, a supplemental clerk's record was filed with this Court, which includes a notice setting for another indigency hearing on October 25, 2016. The supplemental clerk's record contains no order following the hearing.

- On December 9, 2016, Appellee E.S. filed in this Court a motion to dismiss this appeal. E.S. contends that C.S. has failed to prosecute her appeal and failed to comply with the Rules of Appellate Procedure.

In light of the foregoing, we abate this cause to the trial court for a hearing to make the following determinations and to take the following actions, if necessary.

(1) The trial court shall determine whether C.S. wishes to proceed with this appeal.

(2) If the trial court determines that C.S. wishes to proceed with this appeal, the trial court shall consider the discretionary appointment of counsel for C.S. *See* TEX. FAM. CODE ANN. § 107.021 (West 2014).

(3) If the trial court determines that C.S. wishes to proceed with this appeal but declines to appoint counsel for C.S., the trial court shall inform C.S. that she may retain counsel or may represent herself. The trial court shall further inform C.S. on the record that if she desires to represent herself, "there are technical rules of evidence and procedure, and … [she] will not be granted any special consideration solely because [she] has asserted [her] right of self-representation." *See In re C.L.S.*, 403 S.W.3d 15, 21 (Tex.

App.—Houston [1st Dist.] 2012, pet. denied) (quoting *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008)).[1]

The trial court shall conduct the hearing within fourteen (14) days after the date of this order. The trial court clerk and court reporter shall file supplemental records with the Clerk of this Court within fourteen (14) days of the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed December 21, 2016
Do not publish



---

[1] At this time, we do not order the trial court to determine whether C.S. has the ability to afford costs, including fees charged by the clerk or court reporter for preparation of the appellate record. At the time C.S. filed her notice of appeal, Rule of Appellate Procedure 20.1(a)(3) stated:

> In a suit filed by a governmental entity in which termination of the parent-child relationship or managing conservatorship is requested, a parent determined by the trial court to be indigent is presumed to remain indigent for the duration of the suit and any subsequent appeal, as provided by section 107.013 of the Family Code, and may proceed without advance payment of costs.

This, however, is a private termination suit, not a suit filed by a governmental entity. Therefore, C.S. was not entitled to be presumed indigent or to proceed without advance payment of costs under former Rule 20.1(a)(3). Moreover, C.S. did not file an affidavit of indigence under former Rule of Appellate Procedure 20.1(a)(2) and has not filed a Statement of Inability to Afford Payment of Court Costs under current Rule of Civil Procedure 145. For these reasons, we believe that ordering the trial court to determine whether C.S. has the ability to afford costs would be premature.